IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAMIAN GARCIA,

        Petitioner,

                                                      No. 1:17-cv-691-MCA-KRS

v.

TODD GEISEN, Captain/Warden Bureau
of Indian Affairs, Office of Justice Services,
Division of Corrections, ROBERT CORIZ,
Governor, Kewa Pueblo, ESQUIPULA TENORIO,
Lieutenant Governor, Kewa Pueblo, all in their
individual and official capacities, and DEAN OWEN,
BIA Federal Officer #349, Bureau of Indian Affairs,
Southern Pueblos Agency, Office of Justice Services,

        Respondents.

## **ORDER DISMISSING RESPONDENT OWEN**

**THIS MATTER** is before the Court following a review of Petitioner's Response to Order to Show Cause (Doc. 12). Having so reviewed, the Court notes the following.

On September 11, 2017, Respondent Geisen filed an Answer to Petition for Writ of Habeas Corpus (Doc. 5), wherein he alleged, inter alia, that Officer Owen should be dismissed from this action on the ground that the officer is an improper party. On November 30, 2017, upon determining that Plaintiff had neither responded to this allegation nor effectuated proper service on Officer Owen, the Court issued an Order to Show Cause (Doc. 11) which directed Plaintiff to show cause why Officer Owen should not be dismissed. On December 1, 2017, Petitioner filed the response at bar. (Doc. 12). Yet, rather than address whether Officer Owen is a proper party to this proceeding, Petitioner dedicates the entirety of his response to arguing that he properly served the officer via first class mail. The issue of service, however, need not be addressed as the Court has determined that Officer Owen is improperly named in this action.

It is well established that the proper respondent to a habeas petition is the person who has

immediate physical custody of the petitioner.  *See* 28 U.S.C. § 2243 (2012) (mandating that a writ of habeas corpus "shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement…the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not…some other remote supervisory official."); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 59 (1978) ("[T]he respondent in a habeas corpus action is the individual custodian of the prisoner.").  Yet, the only references to Officer Owen found in Petitioner's petition relate to the plea bargaining process Petitioner engaged in prior to entering a guilty plea in the criminal action underlying the instant habeas proceeding.  (Doc. 1, pp. 2, 5).  The petition is void of any allegation or indication that Officer Owen exercises control over Petitioner's physical custody.  *See, e.g.*, *Padilla*, 542 U.S. 426, 439 (2004).  Accordingly, Officer Owen should be dismissed from this action.

**IT IS, THEREFORE, ORDERED** that Dean Owen, BIA Federal Officer #349, is hereby DISMISSED as a party to this action.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE